HENRY STEERS, Respondent, v. THE CITY OF BROOKLYN, Appellant.

When soil has been wrongfully deposited by human hands in the ocean or other public waters, in front of the uplands, so that the water-line is carried further out, the same rule applies as when such a deposit has been gradually made by natural causes, i. e. the accretion becomes the property of the owner of the upland, and his title still extends to the water-line.

Plaintiff owned a lot in the city of B., bounded easterly by the water-line of the East river, and southerly by the central line of J. street, which street terminated at said water-line. A wharf had been built in front of his lot, extending to the center of said street, which plaintiff maintained, receiving wharfage from all persons using the same. The city authorities built a pier at the end of the street, shutting off from the water that portion of plaintiff's wharf in front of his half of the street. In an action to recover damages, held, that the erection of the pier was a wrongful interference with plaintiff's rights, and rendered the city liable ; that the pier was to be considered as an accretion, and so much of it as was in front of his half of the street became his ; also, that plaintiff was entitled to recover, as damages, the wharfage received by the city from that portion of the pier in front of his land ; that defendant, having wrongfully collected the wharfage, was not entitled to any allowance for expenses incurred in collecting the same, or for the cost of building the wrongful structure, or keeping it in repair.

(Argued December 3, 1885 ; decided December 22, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made at the February term, 1883, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to recover damages alleged to have been sustained by reason of the unlawful erection, by defendant, of a pier in front of plaintiff's premises in the city of Brooklyn, and also to compel defendant to surrender said pier to plaintiff, and account for wharfage received.

The court found in substance that plaintiff was the owner of certain premises in the city of Brooklyn bounded southerly by the middle line of J., or Java street, and westerly by the

East river; that he and his predecessors in title built a bulk-head along the water-front extending across the end of the northerly half of said street, filled in back of it, making a wharf, in accordance with the act (Chap. 302, Laws of 1849), and collected wharfage from vessels using the same. That in 1873 defendant built a pier across the end of said street in front of plaintiff's wharf, thereby preventing him from collecting wharfage for the use of that portion of his wharf in front of his half of said street.

The further material facts are stated in the opinion.

*John A. Taylor* for appellant. At the time, 1873, when Java street was extended by the building of the pier, which is the evil complained of, the only right of plaintiff in the premises was a franchise easement to go upon a bulk-head theretofore constructed by his grantors, and collect wharfage, dockage, and cranage therefrom. (Const. of 1846, art. 1, § 9; *People, ex rel.,* v. *Com'rs,* 54 N. Y. 276.) The fee below original high-water mark, which was far east of plaintiff's bulk-head, was, until divested by competent authority, in the people of the State of New York. (*Gould* v. *H. R. R. R. Co.,* 6 N. Y. 522; *Furnigan* v. *Meyer,* 10 id. 568; *People* v. *Tibbitts,* 19 id. 523; *People* v. *Canal Appraisers,* 33 id. 461.) As Java street originally terminated at the river, all the acts of either plaintiff or defendant which redeemed the land from the water worked *ipso facto* a lawful extension of that street from which the right of access by the people and municipal control over it could never be excluded save by legislative interference. (*People* v. *Lambier,* 5 Denio, 9; 2 Dill. on Mun. Corp. [3d ed.], § 634; Laws of 1873, chap. 863, p. 1300.) As Java street was a public street, the defendant had the right to extend it by solid filling to the bulk-head line, and by pier to the pier line as established at that point in the river. (*Backers* v. *Detroit,* 26 Alb. L. J. 349; *McMurray* v. *Mayor, etc.,* 54 Md. 103; *Barney* v. *Keokuk,* 94 U. S. 324; *Packet Co.* v. *Catlettsburg,* 105 id. 559; *Wood* v. *Hoeft,* 9 Hun, 182; 74 N. Y. 612; chap. 296, Laws of 1852, p. 439, § 6.) The permanent water-

line designated on Exhibit " B " was the westerly boundary line of the seventeenth ward of the city of Brooklyn. (Laws of 1854, chap. 384, tit. 1, § 18, p. 835; Laws of 1873, chap. 863, tit. 1, § 18, p. 1294.) The conclusion of law, which finds that the plaintiff is entitled to the possession of the northerly half of said pier or wharf, and of all wharfage, dockage and cranage arising therefrom, is erroneous, since it awards to a private person possession of a public street or wharf in face of the control and custody of all such properties awarded by the charter to the city. (Laws of 1873, chap. 863, p. 1300.) The land within the street having been dedicated to the uses of the public, the plaintiff could recover at the most but nominal damages. (*Matter of City of Brooklyn*, 73 N. Y. 179.) The plaintiff could rightfully obtain only such judgment as is consistent with the case made by the complaint, and embraced within the issue. (Code of Civ. Pro., § 1207; *Stevens* v. *Mayor, etc.*, 84 N. Y. 296.) The plaintiff was not entitled to the injunction asked in his prayer for relief; it was neither alleged, proven nor found that the pier in question was a nuisance. (Code of Civ. Pro., § 1662.) The pier was not either as matter of fact or law a nuisance. (*D. & H. C. Co.* v. *Lawrence*, 2 Hun, 163.) The plaintiff's remedy was by an action for damages, or of ejectment, if he has title to the land upon which the pier stands. (*Taylor* v. *Brookman*, 45 Barb. 106; *C. & A. R. R. Co.* v. *Finch*, 5 Sandf. 48.) The obstruction of the bulk-head by the pier was permanent and complete. The cause of action accrued, therefore, as respects the entire damages suffered immediately upon the building of the pier in 1873, more than six years prior to the commencement of the action. (*Van Zandt* v. *Mayor, etc.*, 21 Sup. Ct. 375.) Plaintiff was not entitled to judgment as for moneys received to his use, because there is no proof that any moneys were received. (*Salter* v. *Hall*, 31 N. Y. 321.) The acts (Chap. 305, Laws of 1868, and chap. 518, Laws of 1880) do not give any additional rights to the plaintiff at the foot of or in Java street. (*People* v. *Lambier*, 5 Denio, 9; *Wetmore* v. *Atlantic Co.*, 37 Barb. 95.)

*James R. Steers, Jr.,* for respondents.   The act of April 10, 1849, is constitutional and valid.   It grants a franchise, and such grants do not appropriate public property to private uses. (*People* v. *Law*, 34 Barb. 494; *People* v. *Kerr*, 37 id. 357; 6 N. Y. 647; *Wetmore* v. *Atlantic W. L. Co.*, 37 Barb. 70 ; *Wetmore* v. *Brooklyn Gas L. Co.*, 42 N. Y. 384; Cooley on Const. Lim. 163 ; 16 Pick. 96.)   The plaintiff is entitled to all the wharfage accruing from the wharves, bulk-heads and piers built in front of his lands.   (*Pearsall* v. *Post*, 20 Wend. 131; *Verplanck* v. *Mayor, etc.*, 2 Edw. Ch. 220.)   The conditions imposed on the owners of the land by the act of 1849 were in the nature of continuing offers, which, when accepted and complied with by them, became an executed contract, and the title and rights of the plaintiffs became vested and fixed. (*Langdon* v. *Mayor, etc.*, 93 N. Y. 129.)   This right to receive wharfage is a franchise, and can only be exercised under a grant from the sovereign power or by prescription. ( *Wiswall* v. *Wall*, 3 Paige's Ch. 318; *Walsh* v. *N. Y. Floating D. D. Co.*, 77 N. Y. 448 ; *People* v. *Utica Ins. Co.*, 15 Johns. 358.) The franchise thus obtained by the plaintiff is inviolable. (*Benson* v. *Mayor, etc.*, 10 Barb. 240.)   Upon the facts herein established and upon the legal and equitable principles applicable thereto, the plaintiff is entitled to a decree of the court, requiring the defendant to remove the structure it has erected at the foot of Java street.   (*Penniman* v. *Balance Dock Co.*, 13 How. Pr. 40.)   Under the law of accretion the pier has become a part of the upland and bulk-head belonging to the plaintiff, and the title to it is now in the plaintiff subject to the right of way of the public over it as a street.   ( *Wetmore* v. *Atlantic W. L. Co.*, 37 Barb. 70; 42 N. Y. 384.)   Although this action is an equitable one, the court may not only grant equitable remedies, but the legal rights of the owners of the land may therein be established.   (*Broistedt* v. *S. S. R. R. Co.*, 55 N. Y. 220.)   This action, being to enforce equitable rights, is not barred by the statute of limitations under ten years.   (Code of Civ. Pro., § 388.)   The power conferred on the city by its charter does not allow it, by mere extension of its streets, to deprive

the owners of the upland and water-front of the enjoyment
and improvement of their own premises. (*City of Brooklyn
v. N. Y. Ferry Co.*, 87 N. Y. 204.) The title to the structure,
having been found to be in plaintiff, the rights of possession
and wharfage necessarily follow. (2 Johns. 363.) The seventh
conclusion of law, that the defendant must account to the plain-
tiff for the wharfage it has collected, is simply the exercise of
one of the well-established powers of a court of equity. (Code
of Civ. Pro., § 1015; *Stanley* v. *White*, 14 East, 332; *Hager*
v. *Hager*, 38 Barb. 92; 2 Denio, 91; *Tuttle* v. *Mayo*, 7 Johns.
132; Dough. 137.) Privity of contract is not essential. (1
Abb. Ct. App. Dec. 333; 29 Wis. 611; 111 Mass. 474; 30 Barb.
238; Code of Civ. Pro., §§ 1496, 1497; *Lisle* v. *Hunt*, 21 N.
Y. Weekly Dig. 482.) The acts of the defendant, in intruding
upon the franchise of the plaintiff, and in collecting the fees
for wharfage, as they successively arose, were a continuing tres-
pass in the nature of a nuisance, which might become the founda-
tion of adverse rights, and the occasion of a multiplicity of suits
to recover such fees. They were properly restrained by in-
junction. (6 Paige, 83; 16 N. Y. 97; 13 Hun, 285; 40 N.
Y. 191; 55 id. 220.) An acknowledgment of having received
the money, made by the defendant in any form, is binding upon
it. (*Thalheimer* v. *Brinckerhoff*, 6 Cow. 90.) As the de-
fendant could not sustain an action against the plaintiff upon
its claim for a counter equity, the proof to support such claim
was properly rejected. (*Canada* v. *Stiger*, 55 N. Y. 452; *Koes-
tenbader* v. *Pierce*, 41 Iowa, 204; *Jebson* v. *E. & W. T. D.
Co.*, L. R., 6 C. P. 300.) Even in ejectment a defendant cannot
off-set his improvements, unless he entered upon the lands, and
made his erections under color of title, which the defendant
has not pretended to set up in this case. (Code of Civ. Pro.,
§ 1531.) It was proper for the referee to take and state the
accounts down to the time of the hearing. (*Darling* v. *Brews-
ter*, 55 N. Y. 669.)

EARL, J. Under his paper title and the acts of the legislature
(Chap. 302, Laws of 1849, chap. 305, Laws of 1868, and chap.

518, Laws of 1880), there can be no doubt that the plaintiff was vested with the fee of the land to the center of Java street, and extending to the water-line of the East river and that he had a right to maintain his wharf in front of his land and his one-half of the street and take and receive wharfage from all persons using the same. His fee in the street, however, was subject to the public easement for travel over the street to the water-line, and is still so subject. When, therefore, the defendant built a pier at the end of Java street thus shutting off the plaintiff's wharf across one-half of the street from the water, it interfered with his rights and became liable to him for damages. That structure was a wrongful interference with the plaintiff's franchise, secured to him by the acts of the legislature referred to. The plaintiff was, therefore, entitled to the judgment which was ordered in his favor.

The court below was right in holding that the pier wrongfully built by the defendant across the end of Java street must be treated as an accretion to the upland or mainland, and thus so much of it as was in front of plaintiff's half of Java street and in front of his wharf became his (subject, however, to the public easement for travel upon Java street), as it was attached to his soil and was between his land and the water-line. When soil is by natural causes gradually deposited in the water opposite upland, and thus the water-line is carried further out into the ocean or other public water, it becomes attached to the upland, and, the title of the upland owner is still extended to the water-line, and the accretion thus becomes his property. Natural justice requires that such accretion should belong to the upland owner so that he will not be shut off from the water, and thus converted into an inland rather than a littoral owner. The same rule should be applied for the same reason where the soil in front of the upland has been wrongfully placed there by human hands. The wrong-doer should gain nothing by his wrong, and justice cannot be done to the upland owner except by awarding to him, as against the wrong-doer, the accretion attached to his soil as an extension thereof. (*Ledyard* v. *Ten Eyck*, 36 Barb. 102, 125 ; *Langdon* v. *Mayor*, etc., 93

N. Y. 129; *Mulry* v. *Norton*, 100 id. 424; Gould on Waters, §§ 123, 124, 128, 148, 158; Angell on Tide Waters, 249.)

The interlocutory judgment ordered a reference to take an account between the parties for all wharfage received by the defendant from the northerly half of the pier or wharf, since the 21st day of December, 1875, and it was provided that if the defendant did not account for such wharfage it must pay the plaintiff a sum equal to the reasonable wharfage during the time mentioned. In pursuance of the judgment a referee was appointed, and upon the hearing before him the counsel for the defendant, upon being called upon by plaintiff to present an account of the wharfage received by it, stated that he had no such account to render. Plaintiff's counsel then offering to prove what was the reasonable wharfage, the counsel for the defendant, while objecting to the competency of the fact to bind the defendant, admitted that such reasonable wharfage during the period in question amounted to $1,250, to-wit: at the rate of $208.35 a year, and the referee ruling that such fact was competent, the defendant excepted. Counsel for the defendant further admitted, under the same objection, and also upon the ground of irrelevancy, that such reasonable wharfage from the twenty-first day of December to the date of the hearing was worth $156, and the referee ruling such latter fact competent and relevant, the defendant excepted. Counsel for the defendant then offered to prove (1) that such wharfage was more than the plaintiff would or could have received from the bulk-head had not the pier in question been built; (2) the reasonable cost of building the pier in question; (3) the cost of the reasonable and necessary repairs thereto during the period in question; (4) the reasonable value or expense of collecting such wharfage. Counsel for the plaintiff objected to each of these facts as incompetent and irrelevant, and the objections were sustained and defendant excepted. These exceptions point out no error. It was substantially conceded that the defendant had received the wharfage from so much of the pier as was in front of the north-

erly half of Java street, and while it could not or would not present any account of it, it admitted the amount of the reasonable wharfage during the period named. The money thus collected and received by it rightfully belonged to the plaintiff, and it was not proper to indulge in mere speculation whether the plaintiff would have collected so much from his bulk-head had the pier not been built, nor was it proper to prove the reasonable cost of building the wrongful structure, or of keeping it in repair, and the defendant having wrongfully collected the wharfage it could not be allowed any expense for collecting the same. Plaintiff had the right to collect his wharfage in his own way upon payment of such expenses as he should think proper to incur.

On the whole we think the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.