WILLIAM M. KINGSLAND, as Surviving Trustee, etc., Plaintiff, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK and Others, Defendants.

*Submission of a case upon agreed facts — Code of Civil Procedure, sec. 1279 — power of the court to amend the agreement as to the relief to be granted — when the power will not be exercised.*

A case having been agreed upon and submitted to the court, under the authority of section 1279 of the Code of Civil Procedure, a judgment was ordered in favor of the plaintiff for the recovery of damages because of the unlawful interference of the defendants with the plaintiff's property, consisting of a bulk-head and wharf fronting upon the Hudson river, pursuant to a provision in the agreement defining the relief to which the plaintiff would be entitled if successful. After this decision had been made, and the judgment had been entered upon it, it was stated that the Court of Appeals had decided that the owners of the wharf were entitled to the structure erected in front of it by the city, thereby extending their water front so much further into the river.

*Held,* that a motion, made by the plaintiff to amend the claim for relief in the case submitted, so as to secure to him the benefits of this decision by awarding to him the possession of the additional structure itself, instead of damages for the act of the defendants, should be denied, as it would not be a provident use to make of any power which the court might possess, to grant such amendments, to interfere with and change this part of the agreement, after the case itself had been heard and decided, and the rights and obligations of the parties had been declared and defined by the judgment which has been entered.

*It seems,* that the court had no authority to change that part of the agreement made by the parties, as to the relief which should be awarded to the plaintiff, in case it should be held that he was entitled to recover. (*Per* Daniels and Brady, JJ.)

MOTION by the plaintiff to amend the claim for relief in a case submitted upon an agreed state of facts.

*W. W. MacFarland* and *Stewart & Boardman*, for the plaintiff.

*James C. Carter* and *E. Henry Lacombe*, for the defendants.

DANIELS, J.:

The case was agreed upon and submitted to the court under the authority of section 1279 of the Code of Civil Procedure. It was argued by counsel and after being considered by the court a judgment was ordered in favor of the plaintiffs under the agreement made a part of the case defining the relief to which the plaintiffs, in the event of their success, would be entitled. And that was for the recovery of damages because of the unlawful interference of the defendants with the plaintiffs' property, consisting of a bulkhead and wharf fronting upon the Hudson river. Since this decision was made, and the judgment has been entered upon it, the Court of Appeals have decided, in the case of *Steers v. City of Brooklyn* (101 N. Y., 51), that the owners of the wharf are entitled to the structure erected in front of it by the city, and thereby extending their water front so much farther into the river. And the object of the motion is to secure to the plaintiffs the benefit of this decision by awarding to them, instead of damages for the act of the defendants, the possession of the additional structure itself. The right to this relief was not placed in controversy by the case agreed upon between the parties, but it was expressly limited to that of damages for the interference of the defendants, by which the water front of the plaintiffs' property was destroyed, by reason of the structure erected in front of it by the defendants. The authority conferred upon the court over the subject-matter of the action was defined and limited by this agreement of the parties. It was to award to the plaintiffs, in case of their success, remuneration by way of damages, and no other or different relief. And it may very well be if the relief, which is now the object of the motion, had been insisted upon, that the defendants would not have submitted the case by agreement to the judgment of the court. But whether they would or not, inasmuch as the parties by their well considered and deliberate agreement, have limited the court in the relief which should be awarded, to that of compensation by

way of damages, it probably has no further control or authority over the controversy than that which they have in this manner specified and declared. They have agreed upon the facts of their case, and declared the relief which should be awarded if those facts entitled the plaintiffs to redress. In *Fearing* v. *Irwin* (55 N.Y., 486) it was held, in submissions of this description, that the court is confined to the facts agreed upon, and can make no inferences or in any way depart from or go beyond the statement presented. And that would seem to be the just construction required by the acts of the parties in the submission of controversies in this manner.

It is true that by section 1280 upon filing the submission the controversy becomes an action in the court to which the provisions of the law relating to proceedings in actions are subsequently applicable. But this section was not designed to confer upon the court the power to change the agreement of the parties, but only that of conforming to the provisions applicable to proceedings in actions in the determination and disposition of the controversy. As the facts are now presented the court has probably no authority to change the part of the agreement made by the parties as to the relief which should be awarded to the plaintiffs in case it should be held they were entitled to recover. But if it had the authority, it would not be a provident use to make of it to interfere with and change this part of the agreement, after the case itself had been heard and decided, and the rights and obligations of the parties have been declared and defined by the judgment which has been entered.

In the case of *Henry K. S. Williams* v. *The Mayor, etc., of the City of New York* a like motion has been made depending upon a similar state of facts, and as it should not be allowed to prevail in the case of Kingsland and others, it follows that it should not in the case of Williams.

The motion should be denied, with the usual costs.

BRADY, J., concurred.

DAVIS, P. J. :

I concur on the ground that it would be an injudious exercise of discretion to exercise the power of amendment under the circumstances of this case.

Motion denied, with ten dollars costs.