In the matter of application to lay out a driveway in the city of New York.   Report of commissioners referred back for revisal and correction.

John J. Delany, Corp. Counsel, and Edward H. Hawke, Jr., Special Counsel, for city of New York.

James A. Deering, Joseph A. Flannery, Clark Bell, Dutton & Kilsheimer, John C. Shaw, Alfred N. Beadleston, and Clark B. Augustine, for claimants.

BLANCHARD, J.   The owners of the upland were entitled to riparian easements (Matter of City of New York, 168 N. Y. 134, 61 N. E. 158, 56 L. R. A. 500), but had no title to the fee of the land under the water of Harlem river.   Their ownership extended to high-water mark only.   Sage v. Mayor, 154 N. Y. 61, 47 N. E. 1096, 38 L. R. A. 606, 61 Am. St. Rep. 592.   The commissioners therefore properly refused to award damages for land under water taken for the speedway, or for land filled in by the city lying between the westerly line of the speedway and high-water mark. The contention of counsel for Bell and others that this filled-in land should be regarded as an accretion to the upland has no warrant in law.   Title by accretion can be acquired only when the accretion is due to a gradual and natural deposit of soil along the

border of the upland. Steers v. City of Brooklyn, 101 N. Y. 51, 4 N. E. 7; Mulry v. Norton, 100 N. Y. 424, 3 N. E. 581, 53 Am. Rep. 206. The doctrine of accretion does not apply to land reclaimed by human agencies. Matter of State Reservation, 16 Abb. N. C. 176, note; Sage v. Mayor, 154 N. Y. 61, 63, 47 N. E. 1096, 38 L. R. A. 606, 61 Am. St. Rep. 592. For the purposes of estimating the damage to the riparian owners for injury to riparian easements due to the construction of the speedway this filled-in land may be considered as a part of the speedway improvement, and, as the commissioners have awarded damages for this injury, there is no reason why they should be required to reconsider or report upon the claims of riparian owners to the land under water. The order proposed by the attorney for Barney and others fully protects the legitimate interests of all concerned. Order referring the matter back to the commissioners for revisal and correction signed.

Ordered accordingly.