■ In the Matter of the Claim of RICHARD BIANCULLI, Respondent, v. TIMES SQUARE STORES, INC., et al., Appellants, and JOHN D. BENNETT, Doing Business as JOHNNY'S BEAUTY SALON, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal from a decision of the Workmen's Compensation Board, filed August 6, 1968, which found that an employer-employee relationship existed between appellant Times Square Stores, Inc., and claimant and that said appellant and its carrier were solely liable. Claimant, a beautician, saw a newspaper advertisement under the heading of Times Square Stores seeking help in the beauty salon operated by respondent Bennett upon Times Square premises. He reported to Bennett who interviewed him and filled out certain forms in the Times Square personnel office, to which he had been sent by Bennett and at which he was given an identification card and badge. On January 28, 1964, contact dermatitis forced claimant to stop working as a hair colorist. Times Square, by license to Bennett, permitted the latter to operate a beauty salon "department" on its premises at Levittown subject to detailed policies and rules amendable at the discretion of the licensor. The agreement required the licensee to operate said department in such manner that the store and all departments "will appear to be a single establishment conducted in Licensor's name and in connection with all selling activities and

other relations with customers, Licensee shall not use any name other than that of Licensor" and, further, that the licensee shall operate in conformity with a collective bargaining agreement, to which the licensor was a party, fixing wages and other terms of employment. The rules provided that no person could be employed by Bennett unless first approved by Times Square, that no employee could be discharged by Bennett without its prior approval and that Times Square could initiate and cause an employee's dismissal. The license agreement reveals licensor's pervasive control in almost every aspect of the licensee's function. This is exemplified, among other things, in the requirements respecting employees' uniforms, prescribed or approved by Times Square, the wearing of standard badges marking the bearers as Times Square Stores employees, the prohibition of smoking by employees except in places provided, the purchases by employees, parking for employees and restrictions imposed on the transfer of employees from one department to another. The testimony indicates continual and thorough inspection of the department and its employees by Times Square. Various factors such as the right to control, the method of payment, the furnishing of equipment, the right to fire and the so-called relative nature of the work test are relevant in determining whether an employment exists, it being possible often to establish the relationship on the basis of one of these elements alone (*Matter of Worth* v. *Hubbell Lbr. Corp.*, 29 A D 2d 1025; *Matter of Grigoli* v. *Nito*, 11 A D 2d 581, 582). Evidence concerning payment of salary from the Bennett cash register and the requirement that each employee execute a form disclaiming employment by the licensor point otherwise, but the board's factual determination must be upheld since the employment which it found is supported by substantial evidence, particularly as to control, the hiring process and right of discharge (*Matter of Lindboe* v. *Tenenbaum's Meat Market*, 24 A D 2d 796; *Matter of Denman* v. *Many & Zanetti*, 8 A D 2d 576, affd. 8 N Y 2d 799). If there is both a general and special employer, the board can make an award against both or either of them as it sees fit (*Matter of Cook* v. *Buffalo Gen. Hosp.*, 308 N. Y. 480, 483–484; *Matter of Goodman* v. *Stone & Webster Eng. Corp.*, 11 A D 2d 558, 559). Decision affirmed, with one bill of costs to respondents filing briefs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.