■ In the Matter of the Claim of CELIA CAMPOS, Respondent, v. IMPERIAL FARMS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals from decisions of the Workmen's Compensation Board, filed April 8, 1970 and June 11, 1971. The initial decision determined the employer-employee relationship and the later one established accident, notice and causal relation. Decedent had been employed by Imperial Farms as a route man delivering milk and other dairy products for his employer in Bronx, New York. About two weeks prior to his death he was temporarily relieved of his duties but was asked to take over another route for a route man who operated in a different manner under what is known as a class " C " license for a particular route. Decedent accepted this offer pending the recovery from a heart attack of the holder of this license who needed immediate assistance for service to his customers. The licensee's arrangement with Imperial Farms was that he held the " C " license in his own name, owned his own truck and serviced his own customers. However, he was required to have the name "Imperial Farms" painted on his truck, purchase his produce only from Imperial Farms who kept his books, billed on their letterheads and in general conveyed the impression they were in charge of the operation of the route. The board has found that the decedent, on the day he died, was an employee of Imperial Farms and the evidence in the record is sufficient to sustain this determination. The circumstances of decedent's unwitnessed death and the available testimony as to the scope and character of his duties support the board's conclusion that he died in the course of his employment. The medical testimony, while conflicting, presents substantial evidence to sustain the award. Decisions affirmed, with costs to the Workmen's Compensation Board. Sweeney, Simons, Kane and Reynolds, JJ., concur; Staley, Jr., J. P., not voting.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE FLOYD " OO "* Appellant.— Judgment, County Court, Chemung County, rendered on February 5, 1971, affirmed (see *People* v. *Turley,* 38 A D 2d 769). No opinion. Greenblott, J. P., Sweeney, Simons, Kane and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM WARE, Appellant, v. JOSEPH P. CONBOY, as Superintendent of Great Meadow Correctional Facility, Respondent.— Judgment, Supreme Court, Washington County, rendered on July 23, 1971, affirmed, without costs (see Penal Law, § 75.10). Herlihy, P. J., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.