■ In the Matter of the Claim of THOMAS KING, Respondent, v. CHARLES KELLEY, Doing Business as KELLEY'S DELICATESSEN and/or STAR CAB et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer from a decision of the Workmen's Compensation Board, filed July 21, 1971, which held that an employment relation existed between the employer and the claimant at the time the of the accident. The appellant, Charles Kelley, owns and operates a fleet of taxicabs under the assumed name of Star Cab Company. In addition, he leases "stand" space to independent cab owners and provides them with radio dispatch service, charging $15 per week per car. These independent cab owners who avail themselves of Star Cab's facilities usually acquire a dome light for their vehicles with the words " Star Cab Company" written thereon in luminous letters. Mr. Kelley sometimes supplies drivers to the independent cab owners with whom he deals, apparently without additional charge. Members of the public, wishing to obtain a taxi, telephone Star Cab Company with their requests. The lead vehicle in a lineup of taxis, (made up of Mr. Kelley's cabs and the cabs of independent owners) is sent in response to a given call. Claimant went to the premises of Star Cab Company about six weeks prior to the accident, seeking employment as a driver. He was referred by Star Cab's dispatcher to Mr. Rosen, who apparently handles the insurance arrangements for the company. Claimant was issued an " O.K. Card" which he brought back with him to Star Cab. He was then advised by the dispatcher that whoever needed a driver would contact him. The dispatcher herself telephoned claimant a few days later and told him that he would be driving for a man named Porter, an independent taxicab owner who leased "stand" space and radio dispatch service from Kelley. With the exception of the first day, claimant drove Porter's cab. When claimant checked in at the end of each day, he gave the receipts to the Star Cab dispatcher who in turn gave half to claimant and set the other half aside for Porter. No deductions were made for tax or social security purposes. Also, claimant filled out daily "trip sheets" recording each trip made and the revenue generated thereby. The name of Star Cab's insurance carrier appeared on these sheets. On December 16, 1967 claimant sustained the injuries to his back which are the subject of this proceeding. At issue is the existence of an employment relation between claimant and Star Cab. The question of the existence of an employment relation in a given case is factual and thus the board's determination, if based on substantial evidence, must be affirmed. (*Matter of Worth* v. *Hubbel Lbr. Corp.*, 29 A D 2d 1025.) The rule is well established that if there is both a general and a special employer, the board can make an award against either or both of the employers as it sees fit (*Matter of Goodman* v. *Stone & Webster Engr. Corp.*, 11 A D 2d 558), and the award will not be disturbed by an appellate court upon review (*Matter of Cook* v. *Buffalo Gen. Hosp.*, 283 App. Div. 899, affd. 308 N. Y. 480). We find that there is substantial evidence to support the board's determination that claimant was an employee of Star Cab Company. Star Cab Company controlled the activities and work of claimant; the business activity of Star Cab Company was directly benefited by the work of claimant; claimant first reported to the company for employment and was referred to the company's insurer; and claimant was required to return to base upon order of the Star Cab Company dispatcher. The degree of control exercised over claimant by Star Cab Company, together with the other elements of the relationship, require an affirmance of the board's decision. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Cooke, Sweeney, Kane and Main, JJ., concur.