■ In the Matter of the Claim of GEORGE F. BEDDER, Respondent, v THOMAS GAMBARDELLA, JR., Doing Business as GAMBARDELLA RENTAL SERVICE, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed December 27, 1973, which found that claimant was an employee of the appellant and restored the case to the referee calendar for full development of the record as to claimant's average weekly wage. Appellant owned and operated a car rental business which supplied automobiles, with or without drivers, principally to funeral establishments. Claimant had driven vehicles owned by appellant in funerals for three weeks prior to his injury. Appellant contends that claimant was an independent contractor rather than an employee. It is well settled that various factors such as the right to control the work, the furnishing of equipment, the right to fire and the relative nature of the

work "are relevant in determining whether an employment exists, it being possible often to establish the relationship on the basis of one of these elements alone" *(Matter of Bianculli v Times Sq. Stores,* 34 AD2d 696, 697). In the present case the record establishes that the equipment, namely the vehicles, were supplied by appellant for operation by claimant for customers to whom he was sent by appellant. The record further establishes that in addition to his duties as a driver, claimant helped in washing cars and cleaning ash trays and the interiors of vehicles, and that claimant maintained a locker on the premises of appellant. There was also evidence that claimant was paid $75 per week rather than being paid on a per job basis. This evidence is sufficiently substantial to support the board's finding that an employer-employee relationship existed, and, therefore, the decision of the board must be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Koreman, Main, Larkin and Reynolds, JJ., concur.