In the Matter of the Claim of JACK WITTENSTEIN, Respondent, v FUGAZY CONTINENTAL CORP. et al., Appellants. WORK-MEN'S COMPENSATION BOARD, Respondent.

In the Matter of the Claim of KARL BOECKER, Respondent, v FUGAZY CONTINENTAL CORP. et al., Appellants. WORK-MEN'S COMPENSATION BOARD, Respondent.

In the Matter of the Claim of ERNEST ROANE, Respondent, v FUGAZY CONTINENTAL CORP. et al., Appellants. WORK-MEN'S COMPENSATION BOARD, Respondent.

Third Department, November 10, 1977

*Block & Greene (Morris Block* of counsel), for appellants.

*Kurach & Cassell* for Jack Wittenstein, respondent.

*Karl Boecker,* respondent *pro se.*

*Lantner & Ouslander* for Ernest Roane, respondent.

*Louis J. Lefkowitz, Attorney-General (Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

KANE, J. These three cases present nearly identical facts, and the sole issue to be resolved is whether there is substantial evidence to support the board's decisions finding the existence of an employer-employee relationship between the appellant, Fugazy Continental Corp., and the claimants.

Each claimant was a limousine operator under the terms of

a written "Franchise Agreement" with Fugazy which granted to him a renewable "Independent Livery Franchise" for a term of two years in consideration of the payment of a nonrefundable sum of money. The franchisees, designated independent contractors, were to receive 65% of all fees collected from fares provided by Fugazy which also handled all billings. No income taxes or social security contributions were withheld by Fugazy and claimants were required to purchase or lease their equipment at their own expense. Fugazy agreed to use its best efforts to provide 250 hours of business each month, handle reservations and dispatching, provide uniforms, operations manuals, in-service training, and assist the franchisees in obtaining and maintaining suitable limousines, subject to its approval, at competitive prices.

The franchisees were required to be available for at least 250 hours of booking per month and were prohibited from working for any other livery service. They could serve individual customers, but at fares established by Fugazy and with a percentage of such fares payable to it. In what was described as the "essence of this contract," franchisees were to conduct their operations in a manner befitting a luxury vehicle service and reflecting credit on the good will of Fugazy. The agreement could be terminated by Fugazy for a number of reasons including "hacking" or a failure to perform any obligation under the terms of the contract.

In resolving the factual issue of whether an employer-employee relationship exists, the board is not bound by the terms of any written agreement, but can determine the true relationship of the parties (Matter of Glielmi v Netherland Dairy Co., 254 NY 60). While the principal factors to be considered are the right to control, the method of payment, who furnishes equipment, the right to discharge, and the so-called "relative nature of the work" test (Matter of Bedder v Gambardella, 49 AD2d 968), no single factor is conclusive and the result can often turn on the basis of any one or a combination of the factors (e.g., Matter of Etherington v Empire Improvements, 55 AD2d 762; Matter of Campos v Imperial Farms, 39 AD2d 997; Matter of Bianculli v Times Sq. Stores, 34 AD2d 696). The ultimate determination is one of fact, and if conflicting inferences may be drawn from the evidence before the board, as occurred in these cases, then the finding of the board must prevail (Matter of Gordon v New York Life Ins. Co., 300 NY 652; Matter of Glielmi v Netherland Dairy Co., supra). In

our view the present records contain the requisite substantial evidence to support the conclusions of the board that Fugazy exercised sufficient control over the claimants to establish an employer-employee relationship.

The decisions should be affirmed, with one bill of costs to the Workmen's Compensation Board against the employer and its insurance carrier.

GREENBLOTT, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Decisions affirmed, with one bill of costs to the Workmen's Compensation Board against the employer and its insurance carrier.