■ In the Matter of the Claim of CALVIN I. ZIEGLER, Respondent, v FILLMORE CAR SERVICE, INC., Appellant, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 29, 1979, finding that an employer-employee relationship existed between Fillmore Car Service, Inc., and the claimant at the time of the accident. The sole issue in this case is whether there is substantial evidence to support the board's decision finding the existence of an employer-employee relationship between Fillmore Car Service, Inc., and the claimant. Fillmore owns and operates a licensed radio dispatching service which monitors and dispatches phone calls for independent taxicab owners. Claimant drove a cab owned by Ferry-Grider Car Service, which utilized Fillmore's dispatcher service. Claimant was advised by Ferry-Grider to take calls assigned to him by Fillmore's dispatcher, although he could also solicit other passengers. Under the terms of claimant's agreement with Ferry-Grider, claimant paid for gas and oil consumed, and the remaining money was split between them. On

March 5, 1974, claimant was shot in the head and robbed by a passenger, as a result of which the present claim was filed. The board found that taxicabs using Fillmore's dispatch service were sent out on calls by its dispatcher. Claimant's cab had a dome light with the name "Fillmore" on it, which the board held was evidence of Fillmore's control. In addition, Fillmore required drivers to be at least 23 years old, and required that Ferry-Grider enforce this rule. The board determined that these facts constituted sufficient control to justify a finding of a dual employer-employee relationship between claimant and both Ferry-Grider and Fillmore. Only Fillmore has appealed. The question of the existence of an employment relationship is factual and the board's determination, if supported by substantial evidence, must be affirmed *(Matter of Brown v Time, Inc.,* 71 AD2d 774; *Matter of King v Kelley,* 41 AD2d 798). The principal factors considered are the right to control, the method of payment, who furnishes equipment, the right to discharge and the relative nature of the work *(Matter of Wittenstein v Fugazy Cont. Corp.,* 59 AD2d 249, mot for lv to app den 43 NY2d 648; *Matter of Bedder v Gambardella,* 49 AD2d 968). The result may turn on the basis of any one or a combination of these factors. The ultimate determination is one of fact, and if conflicting inferences may be drawn, the board's finding must prevail *(Matter of Wittenstein v Fugazy Cont. Corp., supra,* citing *Matter of Gordon v New York Life Ins. Co.,* 300 NY 65; and *Matter of Glielmi v Netherland Dairy Co.,* 254 NY 60). We find that there is substantial evidence to support the board's determination of an employer-employee relationship. Fillmore's dispatcher basically controlled the activities and work of claimant; it maintained an age standard for drivers receiving its service; and Fillmore, at least indirectly, benefited from claimant's work *(Matter of King v Kelley,* 41 AD2d 798, *supra).* This degree of control exercised over claimant by Fillmore requires our affirmance. Decision affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Weiss, JJ., concur.