■ EUGENIA PAPPAS et al., Respondents, v GREEK ARCHDIOCESE OF NORTH AND SOUTH AMERICA, Appellant.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about August 30, 1990, which denied the defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion for summary judgment is granted and the complaint is dismissed, without costs.

After receiving Workers' Compensation benefits from the Holy Trinity Cathedral School where she was employed, the plaintiff instituted this action against the defendant, as owner of the property where the school is located, to recover damages for personal injuries purportedly sustained on two separate occasions at the school. In its motion for summary judgment dismissing the complaint, the defendant maintained that since the Cathedral School is an institution of the defendant Archdiocese, the defendant was the plaintiff's employer. Therefore, the action is barred by the exclusive remedy provision of Workers' Compensation Law § 11. The plaintiff opposed, contending that she was an employee of the school, not the defendant Archdiocese.

Based on its conclusion that an issue of fact exists as to whether the plaintiff was employed by the Holy Trinity Cathedral School or the defendant, the Supreme Court denied the defendant's motion for summary judgment. We find that the record supports the defendant's contention that it was the plaintiff's employer at the time of her accidents and that this action is therefore barred by Workers' Compensation Law § 11.

The plaintiff concedes that if the defendant is found to have been her employer, recovery is barred pursuant to Workers' Compensation Law § 11 *(Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, *rearg denied* 52 NY2d 829). Factors to be considered in determining whether the defendant was the plaintiff's employer are "the right to control, the method of payment, who furnishes equipment, the right to discharge and the relative nature of the work *(Matter of Wittenstein v Fugazy Cont. Corp.,* 59 AD2d 249, mot for lv to app den 43 NY2d 648; *Matter of Bedder v Gambardella,* 49 AD2d 968)" *(Matter of Ziegler v Fillmore Car Serv.,* 83 AD2d 692, 693, *lv denied* 54 NY2d 609; *and see, Carrion v County of Westchester,* 99 AD2d 793, *appeal dismissed* 63 NY2d 943).

In an affirmation submitted in support of the defendant's motion, the President of the Board of Trustees of the Greek Orthodox Archdiocesan Cathedral of the Holy Trinity alleged that the Cathedral School is an institution of the defendant Archdiocese and has no separate legal status of its own. The defendant owns the school and the property on which it is located. The school is administered by a Board of Trustees and Officers who are appointed by the Archdiocese. The Archdiocese also approves the appointment of the school's Administrator or Principal. Each teacher's contract is signed by the President of the Board of Trustees, the Administrator and the Chairman of the School Board. Student diplomas are signed by the Archbishop, the Vicar, the Dean of the Cathedral, the President of the Board of Trustees and by the Administrator. There are no separate bank accounts, deeds or other indicia of a distinction between the defendant and the school.

In sum, the record supports the conclusion that the school is controlled, administered and funded by the defendant and that its personnel are Archdiocese appointees. Since no issue of fact exists as to the status of the defendant as the plaintiff's employer, and since this action is barred by section 11 of the Workers' Compensation Law, it was error to deny the defendant's motion for summary judgment dismissing the complaint. Concur—Murphy, P. J., Sullivan, Rosenberger and Asch, JJ.