■ FRANK ESTELLE et al., Appellants, v JAMES D. BLASER et al., Respondents. (Appeal No. 2.) [596 NYS2d 607] —Judgment unanimously affirmed with costs. Memorandum: We find no basis to disturb Supreme Court's apportionment of the disputed land between the parties. That apportionment comports with the general rule that, where, as here, an individual wrongfully fills in the public water opposite the property of an upland owner, the upland owner's property still extends to the water line and the filled-in frontage becomes the property of the upland owner (see, 1 Warren's Weed, New York Real Property, Accretion, § 2.06 [4th ed]; see also, Steers v City of Brooklyn, 101 NY 51; In re Hutchinson Riv. Parkway Extension, 14 NYS2d 692, mod on other grounds 260 App Div 999, affd 285 NY 587). (Appeal from Judgment of Supreme Court, Wayne County, Strobridge, J.—RPAPL article 15.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.

■ WAUSAU INSURANCE COMPANIES, Respondent, v AETNA CASUALTY & SURETY COMPANY, Respondent, and MICHAEL W. ALLEN, Appellant, et al., Defendant. [595 NYS2d 996] —Judgment unanimously reversed on the law without costs and judgment granted in accordance with the following Memorandum: Because we conclude that Oberdorfer Foundries, Inc. (Oberdorfer), failed to establish as a matter of law its status as Michael W. Allen's employer (see, Allen v Oberdorfer Foundries, 192 AD2d 1077 [decided herewith]), Supreme Court's declaration to that effect must be reversed. Because the allegations of Allen's complaint suggest a reasonable possibility of coverage under a comprehensive general liability policy issued to Oberdorfer by defendant Aetna Casualty & Surety Company (Aetna), Aetna has a duty to provide a defense to Oberdorfer in Allen's action against it (see, Continental Cas. Co. v Rapid-Am. Corp., 86 NY2d 640; Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65), and we so declare. Whether Aetna must ultimately indemnify Oberdorfer must await resolution of the issue of the relationship between Oberdorfer and Oswego Casting Corp. (see, Shine v Duncan Petroleum Transp., 60 NY2d 22, 28). (Appeal from Judgment of Supreme Court, Oswego County, Hurlbutt, J.—Declaratory Judgment.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.