■ IVAN CONEO, Respondent, v WASHINGTON HEIGHTS HELLENIC ORTHODOX CHURCH, INC., Appellant, et al., Defendant. [917 NYS2d 172]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about June 8, 2010, which, inter alia, granted defendant Washington Heights Hellenic Orthodox Church, Inc.'s (WHHOC) motions for a directed verdict and/or judgment notwithstanding the verdict to the extent of setting aside the jury verdict insofar as it included a finding that denied WHHOC's Workers' Compensation defense, i.e, that plaintiff's employer was not the alter ego of WHHOC, and directed a new trial on that issue, unanimously modified, on the law, judgment directed in favor of defendant as to the Workers' Compensation defense, the complaint dismissed, and otherwise affirmed,

without costs. The Clerk is directed to enter judgment accordingly.

The trial evidence established that the school, where plaintiff worked at the time of his injury, was the alter ego of WHHOC. Specifically, WHHOC, through its governing board (i.e., the Parish Council), exercised domination and control over the school, completely controlling its day-to-day functions including its decision making and finances. WHHOC owned the properties on which the school and St. Spyridon Church were situated. Moreover, the school and Spyridon Church were not separate legal entities, but rather, in effect, were unincorporated divisions of WHHOC that functioned in accordance with WHHOC's directives (*see e.g. Aguirre v Roman Catholic Church of St. Helena,* 277 AD2d 126 [2000]; *Pappas v Greek Archdiocese of N. & S. Am.,* 178 AD2d 104 [1991]). Given such proof of an alter ego relationship, the plaintiff can be deemed an employee of WHHOC, which would afford WHHOC a complete defense to the plaintiff's negligence action under Workers' Compensation Law § 11, thereby warranting dismissal of his claims (*see e.g. Aguirre,* 277 AD2d 126; *Smith v Roman Catholic Diocese of Syracuse,* 252 AD2d 805 [1998]; *Pappas,* 178 AD2d 104).

We have considered appellant's remaining arguments and find them moot and/or unavailing. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Manzanet-Daniels, JJ.