In the Matter of the Claim of WILLIAM BODE, Respondent, against O. & W. RESTAURANT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of the Workmen's Compensation Board finding a relationship of employee and employer. The accident happened on July 11, 1954 on the premises of the employer and on the 21st of that month the employer filed a report of injury setting forth that the injured person (claimant) was employed as a "pantry chef" and fell down a flight of stairs on the premises of the employer. He also notified his carrier herein and additionally stated that the employee was to receive $90 a week for a six-day week. Thereafter the carrier paid the hospital and doctor bills and tendered checks to the claimant, which were returned. Subsequently a common-law action in negligence was started in the Supreme Court of New York County by the claimant against the employer and an additional defendant. The appellants in their answer for a separate defense alleged claimant "was upon the premises of the defendant while in the course and scope and in furtherance and in performance of his duties as an employee of the defendant, O. & W. Catering Co. Inc.". A nonjury trial resulted in a finding that claimant herein was an invitee and contributed by his own negligence to the happening of the accident and the resulting injuries. The claimant thereafter sought compensation but the appellants contest the relationship of employer-employee contending he was engaged in a "tryout" and not actually hired. The issue seems to be settled by a statement of this court in *Matter of Smith* v. *Venezian Lamp Co.* (5 A D 2d 12, 14): "A tryout is for the benefit of the employer, as well as the applicant, and if it involves a hazardous job we see no valid reason why the applicant should not be entitled to the protection of the statute". As to the further contention, the issue of negligence is no defense herein and the finding that the claimant was an "invitee" does not negate the relationship of employer-employee. The latter relationship was not decided in the common-law action and the judgment is no bar to a claim for compensa-

tion. (*Matter of Tate* v. *Dickens,* 276 App. Div. 94, 98; *Matter of Amorando* v. *D'Antonio,* 285 App. Div. 916.) We have recently held "There is no substance to the 'election' theory. * * * A civil claim may be asserted with due reservation of compensation rights; and it is plainly contrary to public policy to permit a claimant to waive his rights to compensation; and he cannot waive them (Workmen's Compensation Law, § 32)". (*Matter of Martin* v. *A. P. Productions Co.,* 9 A D 2d 550.) The right to compensation benefits was heretofore recognized by appellants and the fact that the claimant was unsuccessful in his common-law action is of no solace or help to them. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.