COMMISSIONERS OF THE STATE INSURANCE FUND, Appellants, *v.* RIVINGTON FARM DAIRY, INC., Respondent.

First Department, March 6, 1962.

*Henry Katz* of counsel (*Harry Schechter, Harold Klein, Raymond C. Green* and *Milton L. Freedman* with him on the brief; *Joseph M. Soviero,* attorney), for appellants.

*Herbert L. Maltinsky* of counsel (*Robert B. Marcus* with him on the brief; *Harry L. Marcus,* attorney), for respondent.

*Per Curiam.* This action is brought by the Commissioners of the State Insurance Fund (Fund) to recover premiums allegedly due from defendant under a policy of workmen's compensation and employers' liability insurance issued to it by the Fund. After trial without a jury plaintiffs' complaint was dismissed. Premiums under a policy forming the basis for this suit are based on the remuneration earned during the policy period by the employees of the insured engaged in its business operations. When the policy was issued defendant was engaged in the distribution of milk on established retail routes, and prior to July 1, 1953, it was charged and it paid premiums on the basis of the earnings of its milk driver employees. Thereafter defendant informed the Fund that it had leased certain of its milk routes to former drivers and to others who had not been drivers of defendant.

The issue between the parties is whether the compensation of the so-called lessees is to enter into the calculation of premiums. If they are employees, premium payments are owing and in default. If they are independent contractors, the Fund has no claim. A review of the record, including the form of lease, constrains us to differ with the trial court's determination. Applying the tests indicated in such cases as *Hexamer* v. *Webb* (101 N. Y. 377), *Matter of Beach* v. *Velzy* (238 N. Y. 100), *Matter of Glielmi* v. *Netherland Dairy Co.* (254 N. Y. 60), and *Matter of Morton* (284 N. Y. 167), we must conclude, in the phraseology of *Matter of Glielmi* (p. 63), that there was such an "intimacy of

control" on defendant's part, and such a "fullness of submission" on the drivers', as to import the existence of a master-servant relationship.

An additional consideration may be pointed out, though we need not rest our decision on it. We are required to determine the meaning of the terms "employer" and "employee" as used in a special type of insurance policy. The policy shifts the burden of paying a possible compensation award from the insured to the Fund; it is for the assumption of that burden that premiums are asked and paid. Accordingly, if there is a reasonable risk that the Workmen's Compensation Board would hold persons to be employees rather than independent contractors, it is fair to infer that the parties intended premiums to be paid in respect of such persons. Otherwise the Fund's likely exposure to loss with regard to them would continue, to the insured's cost-free benefit. That a decision against the Fund in a suit to recover premiums does not eliminate its exposure entirely — since the board is not bound by the decision — emphasizes the need for judicial caution in such a suit. In the instant case, as above indicated, the risk that the board would rule these milk drivers to be employees is plainly present.

Accordingly, the judgment dismissing the complaint should be reversed, on the law and the facts, with costs to plaintiffs, and judgment granted in favor of plaintiffs for $575.56 with interest and costs. Settle order.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and McNALLY, JJ., concur.

Judgment dismissing the complaint unanimously reversed, on the law and the facts, with costs to plaintiffs, and judgment granted in favor of plaintiffs for $575.56 with interest and costs. Settle order on notice. [See 15 A D 2d 893.]