In the Matter of the Claim of MINO BOGLIOLO, Respondent, v. ADVO-CATE, INC., Respondent, and COSMOPOLITAN MUTUAL INSURANCE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by the insurance company found by the Workmen's Compensation Board to have been the employer's carrier, from a board decision which awarded compensation benefits. The board's findings of accident, notice and causal relationship are not questioned and appellant contests only the finding of coverage, under a policy which was issued by it and which afforded coverage at the time of the accident, unless it was effectively cancelled prior thereto, as appellant contends it was. The board's conclusion was predicated upon its finding of noncompliance with the statutory provisions governing cancellation of workmen's compensation insurance policies generally. (Workmen's Compensation Law, § 54, subd. 5.) Both the board and the employer are respondents and each seeks to sustain the decision. The payment of the premium upon the policy in question had been financed in accordance with the provisions of article XII-B of the Banking Law and the amount of the premium for the term of the policy had been paid to appellant carrier. Upon the employer's

failure to pay the installment which became due June 19, 1965 on its premium finance agreement, the lending institution on July 7, 1965 notified the employer by regular mail that the policy would be cancelled, effective July 21, 1965, and sent to appellant carrier a copy of such notice; and on August 5, 1965 appellant carrier sent a notice of cancellation, to become effective August 17, 1965, to the Chairman of the Workmen's Compensation Board and to the employer (and a corrected notice to the employer next day), in each case by regular mail. On September 1, 1965, the carrier issued to the lending institution a check in refund of the unearned premium. The accident occurred on October 18, 1965. The Workmen's Compensation Law (by subdivision 5 of section 54) provides clearly enough that notice of cancellation of a policy during its stated term "shall be served on the employer by delivering it to him or by sending it by mail, by registered letter, addressed to the employer at his or its last known place of business" and it is conceded that the notice in this case was sent by regular mail and not "by registered letter"; but appellant contends that it was not, in this case, required to comply with the quoted provision of the Workmen's Compensation Law and that the transmittal by the lending institution to the employer-insured of notice of cancellation, by regular mail, was sufficient to cancel the policy under the provisions of the Banking Law (§ 576, subd. 1, pars. [a], [b], providing that the notice be "mailed"), when coupled with appellant's notice to the chairman. Contrary to appellant's contention, however, the board was correct in holding that the requirement (Workmen's Compensation Law, § 54, subd. 5) for service upon the employer by registered mail had to be complied with. "For obvious reasons of public policy underlying the very structure of the Workmen's Compensation Law a policy may only be cancelled in strict conformity with the statute." (*Matter of Horn* v. *Malchoff*, 276 App. Div. 683, 685, mot. for lv. to app. den. 301 N. Y. 814.) "Service must be personal service or service made by registered mail. The exact language of the statute prohibits cancellation unless 'notice' is 'served'." (*Matter of Moss* v. *P. A. Trucking Co.*, 284 App. Div. 675, 677, mot. for lv. to app. den. 307 N. Y 943.) Further, the provisions of the Workmen's Compensation Law governing notice are rendered applicable and effective by the Banking Law itself (§ 576, subd. 1, par. [e]) in pertinent part providing that: "All statutory, regulatory and contractual restrictions providing that the insured may not cancel his insurance contract unless he or the insurer first satisfies such restrictions by giving a prescribed notice to a governmental agency, the insurance carrier or an individual * * * shall apply where cancellation is effected under the provisions of this section" and that: "The insurer shall in accordance with said prescribed notice where it is required to give such notice in behalf of itself or the insured give notice to such governmental agency, person or individual". Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Gibson, P. J.