■ HELEN RASTAETTER, Appellant, v CHARLES S. WILSON MEMORIAL HOSPITAL et al., Respondents. — In a medical malpractice action, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered April 22, 1980, which granted summary judgment to defendants Porits and Kim and dismissed the complaint as against them for lack of subject matter jurisdiction. Judgment modified, on the law, by adding thereto a provision that as to defendants Porits and Kim summary judgment is granted and the complaint is dismissed only insofar as it seeks recovery for the alleged malpractice which occurred during the October, 1975 physical examination. As so modified, judgment affirmed, without costs or disbursements. The major question here is whether an individual who is required to undergo a pre-employment physical examination should be considered an employee, within the meaning of the Workers' Compensation Law, with respect to injuries

arising out of the pre-employment physical examination. We hold that he is not. The principal factors to be considered in determining whether an employer-employee relationship exists under this law are the right to control, the method of payment, who furnishes the equipment, the right to discharge and the relative nature of the work *(Matter of Wittenstein v Fugazy Cont. Corp.,* 59 AD2d 249, mot for lv to app den 43 NY2d 648; *Matter of Brown v Time, Inc.,* 71 AD2d 774). Clearly, these factors demonstrate that a pre-employment physical examination would not be covered by the Workers' Compensation Law. Furthermore, the so-called "try-out" cases cited by the defendants (see, e.g., *Matter of Smith v Venezian Lamp Co.,* 5 AD2d 12; *Matter of Bode v O & W Rest.,* 9 AD2d 969), are inapplicable as plaintiff was not "trying out" for employment by *working* in any manner. Damiani, J. P., Gibbons, Margett and Thompson, JJ., concur.