■ COMMISSIONERS OF THE STATE INSURANCE FUND, Appellant, v LINDEN-HURST GREEN & WHITE CORP., t/a GREEN AND WHITE INDUSTRIES & FARMING-DALE GREEN & WHITE, INC., Respondents. — Order of Supreme Court, New York County (Martin Evans, J.), entered July 26, 1983, granting defendants-respondents' motion for summary judgment and dismissing the complaint, reversed, on the law, and the motion for summary judgment is denied, without costs. ¶ At issue is whether the drivers of respondents' taxicabs are employees or merely independent contractors who lease taxicabs. If they are independent contractors and not cab company employees, respondents contend that they are not bound to provide workers' compensation insurance and thus do not owe the State Insurance Fund premiums for such coverage. ¶ The record shows that on October 1, 1976, respondents applied to the State Insurance Fund for workers' compensation insurance and employees liability insurance, stating that they were engaged in a public livery business. On that application, respondents reported that along with clerical and executive employees, they would be employing 21 persons under the classification of taxicab or public livery operators, with projected annual salaries totaling $157,000. Workers' compensation policy number 504-873-1 was issued and continued in effect until December 4, 1981 when it was canceled for nonpayment of premiums amounting to $23,733.12, the amount sued for herein. ¶ Respondents claim that the drivers operating vehicles for them enter into daily lease agreements for a predetermined number of hours and, thus, the drivers are lessees or independent contractors, not intended to be covered by workers' compensation coverage. The lease document asserts that the driver and owner are lessee/lessor and that nothing in the agreement shall be construed to create the relationship of employee/employer. The drivers merely pay a rental fee per mile, and may opt to pay an additional fee for the use of a radio, in which event the drivers are free to accept or reject radio calls. A liability insurance premium is apportioned into the fee and the drivers are responsible for gasoline and the payment of their own self-employment taxes. No "salary" is paid and the drivers' fares constitute their earnings, from which must be subtracted the rental fees and all expenses. ¶ But the keystone to respondents' argument is a 1977 ruling of the Internal Revenue Service, issued in response to respondents' request regarding their status for Federal employment tax purposes regarding the individual drivers. That opinion states that under the circumstances drivers should not be considered employees of the corporation during performance of driving services for the purpose of FICA, FUTA and the collection of income tax by an employer. Respondents have failed to show how that Internal Revenue Service opinion is binding on the State Insurance Fund or this court, however. Additionally, we note that in *Board v Hearst Pubs.* (322

US 111) the Supreme Court stated that common-law tests and technical concepts do not control with regard to social legislation, so that an individual may be an independent contractor for the purposes of imposing vicarious liability, say, in tort, and an employee for purposes of a particular social legislation. "[T]he term 'employee' * * * must be understood with reference to the purpose of the Act and the facts involved in the economic relationship." (322 US, at p 129; footnote omitted.) ¶ More specifically, the courts of this State have given great deference to the laudable purposes of the Workmen's Compensation Act and have established factors to be considered in deciding whether there is an employer/employee relationship or that of a lessor/lessee. As the Third Department stated in *Matter of Rheinwald v Builders Brick & Supply Co.* (168 App Div 425, 438), the (then) Workmen's Compensation Law must be construed "remedially and beneficially, with the view of carrying out fairly and fully the legislative purpose, and with the view to bringing within the purview and operation of the act all workers whose accidental injuries are inherent occupational risks". Thus, the nature of the relationship should be the focus of in-depth inquiry when determining compensation coverage. ¶ Two distinct tests have been devised for determining whether an employer/employee relationship exists. Both have been used independent of each other in the past, but the recent trend has been for the courts to employ a combination of the factors in both tests when confronted with workers' compensation questions. In *Matter of Mace v Morrison & Fleming* (267 App Div 29) and *Matter of Beach v Velzy* (238 NY 100), the common-law "control" test was used. Under this inquiry, four factors are assessed: (1) The direct evidence of the owner's right to or exercise of control; (2) The method of payment; (3) The extent to which the owner furnishes equipment; and (4) Whether the owner retains the right to discharge. (1B Larson, Workmen's Compensation, § 44.00.) ¶ As explained in *Matter of Paly v Lane Brush Co.* (6 AD2d 50, 54), the newer " 'relative nature of the work' " test was first set out in *Matter of Gordon v New York Life Ins. Co.* (300 NY 652). Under this analysis we look to the following components: (1) The character of the claimant's work; (2) How much of a separate calling that work is from the owner's occupation; (3) Whether it is continuous or intermittent; (4) Whether it is expected to be permanent; (5) Its importance in relation to the owner's business; and (6) Its character in relation to whether or not the claimant should be expected to carry his own accident insurance burden. (Cf. 1B Larson, Workmen's Compensation, §§ 43.50, 43.51, 43.52; see, also, *Rayhill v United States,* 364 F2d 347, 355.) ¶ As noted, more recent decisions have employed elements of both of these tests, finding an employer/employee relationship when but a few, and sometimes even only one, of these factors are satisfied. (Cf. *Matter of Ziegler v Fillmore Car Serv.,* 83 AD2d 692, mot for lv to app den 54 NY2d 609; *Rastaetter v Wilson Mem. Hosp.,* 80 AD2d 608, 609; *Matter of Wittenstein v Fugazy Cont. Corp.,* 59 AD2d 249; *Matter of Bedder v Gambardella,* 49 AD2d 968; *Matter of Bianculli v Time Sq. Stores,* 34 AD2d 696.) In *Wittenstein, Bedder* and *Ziegler,* factors such as restrictions placed on drivers, training services, towing services, operation manuals, uniforms and maintenance were relevant factors to be considered. ¶ Upon this record we do not feel that respondents have carried their burden of coming forward with sufficient facts so as to allow an informed determination of their status. As the above discussion suggests, we believe a trial is necessary for a full exploration of all facets of respondents' relationship to their drivers, and accordingly we reverse and deny the motion for summary judgment, remanding for just such a trial. Concur — Carro, J. P., Asch, Bloom, Fein and Alexander, JJ.