■ In the Matter of the Claim of DARLA E. RICHTER, Respondent, v BUFFALO AIR PARK, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed November 22, 1985, which ruled that the death of claimant's decedent was causally related to and arose out of his employment with Buffalo Air Park, Inc.

Buffalo Air Park, Inc. (Air Park) is a small landing field where flight enthusiasts can take flying lessons, lease airplanes and, after passing appropriate tests, qualify for a pilot's license. The deceased, Henry Richter, was accredited by the Federal Aviation Administration (FAA) to give flight instructions and was the Chief Flight Instructor at Air Park. While those seeking flight instructions leased the aircraft from, and paid for flight instructions to, Air Park, the instructors were paid at a fixed rate for the actual time they gave lessons.

On June 4, 1983, Richter was giving a licensing examination to one of Air Park's students when the plane they were flying crashed. Richter was killed instantly, and his widow filed a claim for death benefits under the Workers' Compensation Law. The carrier controverted the claim arguing that Richter was not an employee at the time of his death. After reviewing the testimony of 11 witnesses, the Workers' Compensation Board found that there was an employer-employee relationship between Air Park and Richter at the time of the fatal accident. This appeal by Air Park and the carrier ensued.

Evidence adduced at the hearing established that Richter's certification by the FAA as an examiner qualified to give

written and flight examinations was used by salespersons for Air Park as a selling point to prospective students that they could do their complete flight training at Air Park and take their written and flight examination without having to leave the area. The Board also found that Richter was furnished office space, filing cabinet facilities and stenographic help to type completed examinations. Accordingly, the Board concluded that Richter's presence at Air Park as an FAA-certified flight examiner was an inducement for prospective students to select Air Park to take their flight instructions and examinations, and that this relationship created an employment relationship that existed at the time of the fatal crash.

The determination of the Board is supported by substantial evidence and should be affirmed. The issue of whether an employer-employee relationship exists is a factual one. As we stated in *Matter of Hopkins v Players' Three* (99 AD2d 912, 913): "Principal factors to be considered are the right to control, the method of payment, who furnishes the equipment, the right to discharge and the so-called 'relative nature of the work' test * * *. While no single factor is controlling and the result can turn on the basis of any one or a combination of the factors * * * the ultimate determination is one of fact" (citations omitted). Here, Air Park controlled the scheduling of flight tests by Richter, paid him for fees collected from students, leased the airplanes he used to instruct students and had the right to discharge him. Clearly, this combination of factors is sufficient to support the Board's conclusion that on the date of the fatal accident the relationship between Air Park and Richter was one of employment.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.