■ In the Matter of the Claim of WILLIAM LE MYRE, Respondent, v STEPHEN M. LA BELLE, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeals from two

decisions of the Workers' Compensation Board, filed November 30, 1982 and November 9, 1984.

One of the decisions appealed from found claimant to be disabled from an injury resulting from an accident arising in and out of the course of employment and sustained an award of compensation. The other decision found an employer-employee relationship between claimant and Stephen M. La Belle, doing business as Steve Belle's Racing Stable, the owner of the horse which caused claimant's injury. The critical issue is whether substantial evidence supports the finding of an employer-employee relationship.

On the date of his injury, May 19, 1978, claimant, then 15 years of age, was working as a groom for race horses owned by La Belle and his partner on a farm near the City of Saratoga Springs in Saratoga County. At that time, claimant was residing in Saratoga Springs and was transported to and from work by La Belle. During this period, claimant contends that La Belle paid him for his care of their horses, in cash, the sum of $75 per week, i.e., $25 per week per horse. La Belle at all times denied that he ever paid claimant for such services, contending he could not afford to make such payments, and that claimant was, in all respects, a volunteer learning the trade of a groom. Business records maintained for La Belle do not show any payments for labor to claimant.

Claimant's first contact with La Belle was in February 1978, when he was looking for work with horses at a racetrack in Dover, Delaware. La Belle let him care for his horses in return for room and board, advising him that he could not afford to pay for help. This arrangement continued during the stay in Delaware until late April 1978, when claimant accompanied La Belle back to Saratoga for another racing season. He resided with La Belle for a few weeks until he returned to his family home. During this period up to the time of his injury, he performed the same services in caring for the horses on a daily basis, between 4 to 6 hours a day, using La Belle's equipment and in accordance with the instructions given him by La Belle as to the proper manner and method of caring for race horses.

In our view, substantial evidence supports the decisions of the Workers' Compensation Board. We start with the basic proposition that since a question of fact is presented, the determination thereof is for the Board and, if supported by substantial evidence, must be affirmed (Workers' Compensation Law § 20; *Matter of Gordon v New York Life Ins. Co.*, 300

NY 652). Essentially, the issue is one of credibility. The Board accepted the testimony of claimant as to the nature of the work, the manner of payment, and the control over the manner and method of the work performance. This is exclusively within its province, and the testimony of claimant alone is sufficient to support the award *(see, Matter of Sugnet v Hanna Furnace Corp.,* 33 AD2d 1064, 1065), even though the evidence rejected by the Board is also substantial *(see, Matter of Morgante v Southeastern Pub. Serv. Co.,* 98 AD2d 892).

Decisions affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.