■ In the Matter of the Claim of LARRY DAVISON, Respondent, v ELMER HOLDER, Doing Business as BUSTER'S WRECKING SERVICE, Respondent, and NEW HAMPSHIRE INSURANCE COMPANY, Appellant. WORKERS' COMPSENSATION BOARD, Respondent.—Mahoney P. J. Appeal from a decision of the Workers' Compensation Board, filed August 25, 1986, which, inter alia, ruled that an employer-employee relationship existed and that the insurance carrier had not properly canceled its workers' compensation policy.

On the night of January 12, 1983, claimant was working in the garage of his alleged employer, Elmer Holder, in the City of Watertown, Jefferson County. In response to a call, claimant and another were dispatched in Holder's truck to aid a stalled vehicle on Interstate Route 81. Claimant was injured when a truck ran into the back of the vehicle claimant was attempting to assist.

After claimant filed a claim for workers' compensation benefits in March 1983, New Hampshire Insurance Company, Holder's alleged workers' compensation carrier, controverted coverage, claiming that it had canceled Holder's policy for

nonpayment of premium on October 22, 1982. At hearings conducted for almost a year, Holder denied that claimant was his employee and New Hampshire contended that it had canceled Holder's policy prior to the accident. The Workers' Compensation Law Judge found, *inter alia,* that an employer-employee relationship existed between Holder and claimant, and that New Hampshire's insurance coverage had not been properly canceled. New Hampshire was held liable on the claim. The Workers' Compensation Board affirmed the findings and this appeal by New Hampshire ensued.

The existence of an employer-employee relationship is a question of fact *(Matter of Richter v Buffalo Air Park,* 125 AD2d 809). A finding of such a relationship by the Board will be affirmed if supported by substantial evidence, even if evidence to support a contrary finding is also substantial *(Matter of Le Myre v La Belle,* 127 AD2d 955). Two tests are used to determine whether an employer-employee relationship exists; the control test and the relative nature of the work test *(Commissioners of State Ins. Fund v Lindenhurst Green & White Corp.,* 101 AD2d 730).

Here, substantial evidence supports the finding of an employer-employee relationship. As to the control test, the equipment used at the time of the accident, a tow truck, was Holder's. Holder had provided claimant, as well as others, shirts with their names and Holder's business name, "Buster's Wrecking", on them. Claimant's wife testified that Holder had agreed to pay claimant a set wage for working 6 days a week, 8 to 10 hours a day, and that part of claimant's wages were paid by giving claimant goods or paying claimant's truck registration fee. Such exchanges will be considered wages as long as they are received with the understanding that they are equivalent to wages *(see,* 1C Larsen, Workmen's Compensation § 47.43 [a]). While Holder stated that these exchanges were loans, the Board was free to credit the testimony of claimant's wife.

As to the relative nature of the work test, it is clear that towing or assisting disabled vehicles was an important part of Holder's work and was inseparable from it. Finally, we conclude that claimant's work, driving a wrecking truck for Holder, could not be considered the type of work for which a person would carry his own insurance.

Next, we reject New Hampshire's contention that, since no taxes were withheld from claimant's wages and the wages paid might have been below minimum wage, the employment

was illegal and recovery is prohibited. While a contract for the performance of an illegal act will prohibit recovery, such a result does not follow where the illegality does not inhere in the work. Here, while the employment may have violated the tax laws and other statutes, there was nothing illegal about the work itself *(see,* 1C Larsen, Workmen's Compensation § 47.51).

Finally, New Hampshire failed to effectively cancel Holder's insurance coverage. Workers' Compensation Law § 54 (5) states that, in canceling a worker's compensation policy for nonpayment of premium, "[s]uch notice shall be served on the employer by delivering it to him or by sending it by mail, by certified or registered letter". Here, creditable evidence disproves any personal service of a notice of cancellation on the employer and all parties concede that no notice by certified or registered mail was sent by New Hampshire to the employer as required by Workers' Compensation Law § 54 (5).

New Hampshire's argument that, since this case involves a premium financing contract, cancellation had only to meet the requirements of Banking Law § 576 is without merit. We have considered this argument before and held that in such a situation Workers' Compensation Law § 54 (5) must be followed *(see, Matter of Bogliolo v Advocate, Inc.,* 31 AD2d 855).

Decision affirmed, with one bill of costs to respondents filing briefs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.