■ In the Matter of WESTCHESTER EXPRESS, INC., Appellant, v STATE INSURANCE FUND, Respondent.—Reargument granted to the extent of recalling and vacating the order of this court entered on June 20, 1989 (151 AD2d 357) and the memorandum decision accompanying said order, and substituting a new order and the following memorandum decision therefor:

Order, Supreme Court, New York County (David B. Saxe, J.), entered on or about May 16, 1988, which denied petitioner's motion for a stay of cancellation of the workers' compensation insurance policy, dismissed petitioner's application with prejudice, deemed respondent's counterclaim timely served and granted respondent's motion for summary judgment on its counterclaim for unpaid premiums, unanimously modified, on the law, to deny summary judgment on the counterclaim, the petition brought by way of order to show cause is dismissed, the counterclaim is deemed a complaint, and the matter remanded with leave to petitioner to serve its reply (answer) to the counterclaim not later than 20 days after service of a copy of the order to be entered hereon with notice of entry, whereupon either party may serve and file a note of issue for a trial to be had upon the factual issues raised, and otherwise affirmed, without costs.

It is not clear from the decision of the IAS court dated March 10, 1988, or the order filed by it on May 16, 1988, whether the court intended to grant summary judgment or judgment by way of default upon respondent's counterclaim for the collection of unpaid workers' compensation policy premiums and other relief. As a matter of practice summary judgment under CPLR 3212 (a) would not lie, because issue had not been joined on the counterclaim, properly treated by the court as a complaint (Edelman v Edelman, 88 Misc 2d 156, 159). But in either event, this aspect of the order permitting accelerated judgment was erroneous. Considered as a whole, the record here, including petitioner's affidavit read as a petition (see, CPLR 2001) in support of its order to show cause, reveals a clear issue of fact as to whether the limousine drivers who utilize petitioner's radio dispatch service are independent contractors or employees (Commissioners of State Ins. Fund v Lindenhurst Green & White Corp., 101 AD2d 730). This question, involving the entire nature and character of the drivers' work, is not susceptible of summary determination (Matter of Gordon v New York Life Ins. Co., 300 NY 652). We do not read our decision in Commissioners of State Ins. Fund v Rivington Farm Dairy (16 AD2d 58) to eliminate the need for a fact-finding hearing herein, because in that case the

record included a copy of the "lease" in effect between the respondent dairy and its milk route drivers, permitting the determination of the legal status of those drivers as a matter of law. In the case before us we are satisfied that a trial of the basic issue is required.

We have granted reargument herein on respondent's motion to the extent of dismissing the petitioner's application to enjoin cancellation of the workers' compensation policy, petitioner having conceded on reargument that it no longer presses its claim for such relief. Concur—Carro, J. P., Milonas, Wallach, Smith and Rubin, JJ.