■ ALEX SZABADOS et al., Respondents, v JOHN QUINN et al., Defendants, and COCA COLA BOTTLING COMPANY OF NEW YORK, INC., Appellant.—Order, Supreme Court, New York County (David B. Saxe, J.), entered on or about May 12, 1989, denying the motion by defendant The Coca Cola Bottling Company of New York, Inc. (Coca Cola) for summary judgment dismissing the complaint, with leave to renew upon completion of discovery, and granting plaintiffs' cross motion pursuant to CPLR 3212 (f) for further discovery, unanimously affirmed, without costs.

Plaintiff Alex Szabados was allegedly assaulted by defendant John Quinn while Quinn was performing his duties as an employee of defendant Coca Cola. Coca Cola moved for summary judgment dismissing the complaint, relying essentially on the terms of a distribution agreement dated February 25, 1983 between Coca Cola and "J.Q. Beverage Dist., Inc.", whose sole shareholder and employee was the defendant Quinn. Coca Cola urges that this agreement, and various affidavits submitted in support of its motion, establish conclusively that Quinn was an independent contractor, and not an employee of Coca Cola, and therefore Coca Cola cannot, as a matter of law, be held vicariously responsible for Quinn's actions under the doctrine of respondeat superior. We disagree.

Whether one is an independent contractor or an employee depends on the presence or absence of various indicia, the most important of which is the right of control over the agent irrespective of the manner in which his work is to be done *(Matter of Morton,* 284 NY 167, 172). Other recognized tests to be considered, none of which in itself is controlling, "include the employment by the contractor of assistants with the right to supervise their activities; his obligation to furnish necessary tools, supplies, and materials; the method of payment of compensation; the independent nature of the contractor's business; and the power to terminate the contract." (52 NY Jur 2d, Employment Relations, § 46; *see, Commissioners of State Ins. Fund v Lindenhurst Green & White Corp.,* 101 AD2d 730.)

Applying these tests, we agree with the IAS court that the record existing at the time Coca Cola made its motion for summary judgment was insufficient to determine as a matter

of law that Quinn was an independent contractor, and not Coca Cola's employee, and that the parties should complete discovery, after which Coca Cola, if so advised, may renew its summary judgment motion.

. We note in particular the possibility that J.Q. Beverage, Inc. is a shell corporation with no assets and no insurance, with one shareholder, officer and employee (Quinn), with its "offices" located at Quinn's residence; and further that paragraph 19 (j) of the distribution agreement provides that Coca Cola could terminate the distribution agreement on five days' notice if at "any time JOHN QUINN ceases to work full time for distributor, whatever the cause may be, including, but not limited to, death or incapacity." This is at least some evidence that Coca Cola's agreement with J.Q. Beverage, Inc. was in reality a contract to employ Quinn to deliver its merchandise to stores in a specified area, and that the trappings of incorporation and a distributor's agreement were designed by Coca Cola specifically to avoid liability for any act or injury committed by its "employee in fact" in the course of performing his contractually prescribed duties, at prescribed locations, wearing an "approved" uniform and driving a Coca Cola inscribed truck which was to be garaged on Coca Cola's premises, etc. (Cf., Shapiro v Robinson, 102 AD2d 822, affd 63 NY2d 896, wherein there was "no showing" in the record that the hiring corporation reserved a right of control over the truck driver in respect of the manner in which the work was to be done. The driver "furnished his own truck, set his own route, was paid by the job, had his own business and worked for [the hiring corporation] only on specific jobs" [supra].) After these and other pertinent facts are explored and developed in the course of discovery, the Supreme Court will have a complete record upon which to determine whether Quinn was an employee or an independent contractor. Concur—Murphy, P. J., Sullivan, Kassal, Wallach and Smith, JJ.