■ GARY SIKES et al., Respondents, v CHEVRON COMPANIES et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants Chevron Companies, Chevron Chemical Company-Ortho Division, and Chevron International Oil Co., Inc., appeal from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated January 25, 1990, as denied their motion for summary judgment dismissing the complaint and all cross claims asserted against them, and the defendants T & R Pest Control and Anthony Ferrandino separately appeal from so much of the same order as denied their cross motion for summary judgment dismissing the complaint and all cross claims asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motion and cross motion for summary judgment are granted, and the complaint and cross claims are dismissed.

During a 13-year period between January 1970 and November 1983, the plaintiff Gary Sikes was periodically employed as a termite exterminator by the defendant T & R Pest Control (hereinafter T & R). While employed as an exterminator, Sikes was exposed to an allegedly toxic pesticide known as chlordane, which is manufactured and distributed by several companies, including the defendant Chevron Chemical Company-Ortho Division. Claiming that his extended exposure to chlordane caused him to suffer serious personal injuries, in October 1984 Sikes and his wife commenced this negligence and strict products liability action against T & R and its president Anthony Ferrandino, and against Chevron International Oil Co., Inc. (hereinafter Chevron), and its subsidiaries (hereinafter the Chevron defendants).

Upon completion of discovery, the Chevron defendants moved for summary judgment, contending that certain deposition testimony established that Chevron was not the manufacturer of the chlordane used by the plaintiff while he was employed by T & R. In support of the motion, the Chevron defendants relied upon the deposition testimony of T & R's president, Anthony Ferrandino, who testified that his com-

pany had never used chlordane manufactured by Chevron. The Chevron defendants also submitted excerpts from the deposition of Chevron's Eastern Regional Manager, who testified that there was no record that T & R had ever ordered chlordane from Chevron. In opposition to the motion, Sikes submitted an affidavit in which he averred that when T & R's chlordane supplies ran low, he often accompanied Ferrandino to several local distributors, where they purchased Ortho-Klor, a brand of chlordane manufactured by Chevron. However, in response to the claims by Sikes, the Chevron defendants submitted additional evidence which indicated that none of the local distributors named by Sikes had in fact sold Ortho-Klor during the subject period.

The defendants T & R and Ferrandino cross moved for summary judgment, contending that Sikes was a T & R employee during the period of time he was exposed to chlordane, and thus was limited to a workers' compensation claim against them. The Supreme Court denied the motion and cross motion, finding that questions of fact existed as to whether Sikes was exposed to chlordane manufactured by Chevron, and as to whether Sikes was a T & R employee or an independent contractor. We disagree, and accordingly reverse.

Where the moving parties have established their entitlement to summary judgment, the opposing party must either lay bare its proof and demonstrate the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for the failure to do so (see, La Capria v Bonazza, 153 AD2d 551; Memory Gardens v D'Amico, 91 AD2d 1159; Badman v Civil Serv. Employees Assn., 91 AD2d 858). At bar, the Chevron defendants established their entitlement to summary judgment by submitting evidence, which, if uncontradicted, conclusively established that Sikes could not have been exposed to chlordane manufactured by Chevron while in the course of his employment with T & R. Although Sikes opposed the motion by alleging that he recalled purchasing Ortho-Klor from several local distributors, his unsupported allegations were contradicted by the additional affidavits and records produced by the defendants, which demonstrated that none of the local distributors in question sold Ortho-Klor. Under these circumstances, we find that Sikes has failed to raise a genuine issue of fact as to whether T & R used chlordane manufactured by Chevron, and the Chevron defendants are thus entitled to summary judgment.

Moreover, we further find that summary judgment should be awarded to T & R and Ferrandino, since the record clearly

establishes that Sikes was a T & R employee, and not an independent contractor. Although the issue of whether an employee-employer relationship exists is a factual one *(Matter of Richter v Buffalo Air Park,* 125 AD2d 809), Sikes was given extermination work to perform only when needed by T & R, and T & R assigned Sikes tasks to perform and directed his performance of assigned tasks *(see, Matter of Westchester Express v State Ins. Fund,* 153 AD2d 803; *Commissioners of State Ins. Fund v Lindenhurst Green & White Corp.,* 101 AD2d 730, 731). The equipment used by Sikes to perform his duties belonged to T & R, and T & R had the right to discharge him *(see, Szabados v Quinn,* 156 AD2d 186; *Commissioners of State Ins. Fund v Lindenhurst Green & White Corp., supra).* The character of the work performed by Sikes was directly related to T & R's extermination business and could not be considered a separate calling *(see, Matter of Westchester Express v State Ins. Fund, supra; Commissioners of State Ins. Fund v Lindenhurst Green & White Corp., supra).* In view of the nature and character of the work performed by Sikes, and the degree of control exercised by T & R, we conclude as a matter of law that Sikes was a T & R employee during the period he was exposed to chlordane, and accordingly his exclusive remedy against T & R and Ferrandino is workers' compensation *(see, Schauder v Pfeifer,* 173 AD2d 598; Workers' Compensation Law § 11). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.