■ In the Matter of FOR-MED MEDICAL GROUP, Respondent, v NEW YORK STATE INSURANCE FUND et al., Appellants. [615 NYS2d 399] —Judgment, Supreme Court, New York County (Milton L. Williams, J.), entered on or about December 7, 1993, which granted petitioner's application pursuant to CPLR article 78 to annul respondent's determination that petitioner owes Workers' Compensation insurance premiums for the doctors who maintain offices at its premises, and directed respondent to rescind its bill for such premiums, unanimously affirmed, without costs or disbursements.

Petitioner challenges, as arbitrary and capricious, respondent State Insurance Fund's determination, in the form of a premium notice, that the doctors, 35 in all, who utilized petitioner's facilities were its employees and therefore potentially covered beneficiaries under its Workers' Compensation insurance policy. Respondent thus billed petitioner the pre-

mium charges applicable to those doctors, making its determination as a result of an audit and without affording petitioner any opportunity to be heard. When, in response, petitioner wrote, requesting reconsideration, respondent advised petitioner that it would not change its determination and, essentially, that there was no mechanism in place for an administrative review thereof. The parties have therefore litigated the issue of the doctors' status on papers, including affidavits, in the judicial forum. The IAS Court found that the doctors were not petitioner's employees and therefore not potential beneficiaries under its Workers' Compensation insurance policy. Accordingly, it rescinded respondent's bill for Workers' Compensation premiums for these doctors. We affirm.

While judicial review of an administrative determination is limited to the record before the agency (*Matter of Celestial Food Corp. v New York State Liq. Auth.*, 99 AD2d 25, 26-27) and proof outside the administrative record should not be considered (*Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 58 NY2d 952), respondent refused petitioner the opportunity to be heard and indicated that there is no procedure for reviewing its billing determination. Thus, petitioner never had the opportunity to make a record and we have as an administrative record only the results of respondent's audit. In such a case, given that both parties, by virtue of the submissions before the IAS Court, were afforded the opportunity to be heard, the IAS Court appropriately proceeded to review the matter to determine whether respondent's determination to bill petitioner for Workers' Compensation premiums on the basis that the 35 doctors were employees, rather than independent contractors, should be annulled. In doing so, however, the IAS Court employed an improper standard, i.e., preponderance of the evidence, rather than the arbitrary and capricious standard of review (CPLR 7803 [3]). This record demonstrates that, except for their use of petitioner's offices, secretarial staff and equipment, for which petitioner retains a portion of their fees, the 35 doctors have complete control over all aspects of their work. Petitioner does not hire or fire the doctors, supervise their work, dictate their office hours, set billing rates, preclude outside practice, provide medical malpractice insurance or pay unemployment insurance premiums or social security taxes for them, issue W-2 forms to them, but rather 1099 forms, and has never received a single Workers' Compensation, unemployment or other employment claim from any of the doctors. Applying the proper standard, we find no rational basis to conclude that "there is a reasonable risk

that the Work[ers'] Compensation Board would hold [the 35 doctors] to be employees rather than independent contractors." *(Commissioners of State Ins. Fund v Rivington Farm Dairy,* 16 AD2d 58, 60.) The bill for Workers' Compensation premiums with respect to the 35 doctors should be rescinded. Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.