■ William J. Venezio et al., Respondents, v Ryder Truck Rental, Inc., Appellant. [689 NYS2d 557] —Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered August 25, 1998 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff William J. Venezio (hereinafter Venezio) and his wife, derivatively, commenced this action for injuries sustained

by Venezio on June 2, 1995 in the City of Schenectady, Schenectady County, when he was struck by a truck owned by defendant and operated by James Grippo. Defendant answered and raised, as its eighth affirmative defense, that plaintiffs' action was barred by Workers' Compensation Law § 29 (6). Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, finding that a material issue of fact existed regarding Grippo's employment status, and defendant now appeals.

As a starting point, we disagree with Supreme Court that there exists a material issue of fact requiring a trial. The material facts, derived from the deposition testimony of Grippo, Venezio and his two sons, are undisputed and the motion should therefore be decided as a matter of law (*see generally*, *Rozelle v Robertson*, 29 AD2d 589).

The record reveals that at the time of the accident, Venezio was doing business as Park Building Supply, which was a retail store involved in the sale of building materials. Prior to the accident, Grippo was the owner of MJK Trucking Corporation and was engaged in over-the-road hauling of produce for Grand Union. At various times, Grippo owned as many as three tractors and a number of trailers, and he leased property adjacent to Venezio's warehouse and across the street from Venezio's retail store. As a consequence, Grippo and Venezio developed a friendship that existed for over 30 years. On at least two occasions over those years, Park Building Supply retained MJK Trucking Corporation to deliver materials tò its customers. On each occasion, Grippo prepared an invoice based upon the mileage involved, submitted it to Park Building Supply and was paid. In 1994, when Grand Union ceased its operations, Grippo retired and sold off his equipment.

In 1995, Park Building Supply arranged for the purchase of a trailer load of windows from Eric Nelson. Plaintiffs' son, Robert Venezio, drove to Delaware County in a box truck to pick up the windows. Upon realizing that two or three trips would be required to haul the windows back to Schenectady County, Nelson suggested that Robert Venezio obtain a tractor to haul the trailer load of windows. Consequently, Robert Venezio called defendant's offices and arranged for the rental of a tractor. Inasmuch as none of the employees at Park Building Supply had a commercial license, Robert Venezio called Grippo and asked him, as a favor, if he would drive the tractor to Delaware County and haul the trailer load of windows back to Park Building Supply, which Grippo agreed to do. Notably, no

conversation concerning compensation took place and, indeed, Grippo never was compensated for his time.

On June 2, 1995, Grippo went to defendant's place of business, signed for a tractor and drove it to Delaware County, where he picked up the trailer, and drove to Park Building Supply. When Grippo arrived at Park Building Supply, he was met by Venezio, who assisted in directing Grippo as he backed the tractor-trailer to the loading dock. In the course of this operation, Venezio was crushed when he was pinned between the trailer and the loading dock, sustaining severe injuries.

In support of its motion for summary judgment, defendant claimed that Grippo and Venezio were both employees of Park Building Supply, thus barring plaintiffs' action pursuant to Workers' Compensation Law § 29 (6), which provides that the right to compensation under the Workers' Compensation Law is the exclusive remedy available to an employee when such employee is injured by the negligence of another in the same employ. Whether Grippo was an employee depends upon the right of Park Building Supply to discharge Grippo, to control his work and the method of his payment, and whether it furnished the necessary equipment to perform the work (*see, Commissioners of State Ins. Fund v Lindenhurst Green & White Corp.*, 101 AD2d 730, 731). Additionally, we must examine the character of Grippo's work by comparing the similarity of that work to Park Building Supply's occupation, considering whether such work is continuous, permanent and important to Park Building Supply's business and assessing its character in relation to whether Grippo should be expected to carry his own insurance burden (*see, id.*, at 731).

Here, Grippo was not under the control of Park Building Supply regarding when he was to pick up defendant's truck or when he was to deliver the windows to Park Building Supply's warehouse, nor did Park Building Supply direct how he was to perform his duties in that regard. Furthermore, inasmuch as he was hauling the windows as a favor to plaintiffs and was not compensated for his efforts, it hardly can be said that Grippo was subject to plaintiffs' discharge. Finally, while Grippo's work on the day in question clearly was important to Park Building Supply, it is equally clear that such work was neither continuous nor permanent. Considering all of these factors we conclude, as a matter of law, that Grippo was not an employee of Park Building Supply. Accordingly, Supreme Court's order is reversed, defendant's motion for summary judgment is denied and plaintiffs are granted summary judgment dismissing defendant's eighth affirmative defense.

Mikoll, J. P., Mercure, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, defendant's motion is denied and plaintiffs are granted summary judgment dismissing defendant's eighth affirmative defense.