■ ARIEL ORO, Respondent, v GENERAL MOTORS CORPORATION, Defendant, RAMON ALICEA, Respondent, and BENJAMIN PONTIAC, INC., Appellant. [715 NYS2d 904] —In an action to recover damages for personal injuries, the defendant Benjamin Pontiac, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 28, 1999, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted those branches of the separate motion of the defendant Ramon Alicea which were for summary judgment dismissing the complaint and its cross claims asserted against that defendant.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Ramon Alicea which was for summary judgment dismissing the complaint insofar as asserted against him is dismissed, as the appellant is not aggrieved by that portion of the order (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from and reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

There was sufficient admissible evidence to raise a question of fact as to whether the company which installed the car alarm in the defendant Ramon Alicea's car was an independent contractor (*see, Beach v Velzy,* 238 NY 100, 104; *Lazo v Mak's Trading Co.,* 199 AD2d 165, *affd* 84 NY2d 896; *cf., Sikes v Chevron Cos.,* 173 AD2d 810). Therefore, the Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing the cause of action to recover damages for negligence (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562).

In addition, the evidence established that Alicea was entitled to summary judgment dismissing the appellant's cross claims insofar as asserted against him (*see, Amaro v City of New York,* 40 NY2d 30, 36; *cf., Mehring v Cahill,* 271 AD2d 415).

The appellant's remaining contentions are without merit. O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.