COMMISSIONER OF THE STATE INSURANCE FUND, Appellant, v F & V DISTRIBUTION COMPANY, LLC, Respondent. [888 NYS2d 573]—

In an action to recover allegedly unpaid premiums for a workers' compensation insurance policy, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Galasso, J.), entered June 2, 2008, which, upon a decision of the same court dated April 3, 2008, made after a nonjury trial, and upon the granting of that branch of the defendant's motion which was

pursuant to CPLR 4401, made at the close of the evidence, for judgment as a matter of law for failure to establish a prima facie case, is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

This action was commenced by the Commissioner of the State Insurance Fund (hereinafter the SIF) to recover premiums allegedly due from the defendant under a policy of workers' compensation and employers' liability insurance issued to it by the SIF. In a judgment entered after a nonjury trial, the Supreme Court, upon granting that branch of the defendant's motion which was pursuant to CPLR 4401, made at the close of the evidence, for judgment as a matter of law for failure to establish a prima facie case, dismissed the complaint.

Under the terms of the policy, premiums were to be calculated based on payroll and the remuneration earned during the policy period by the employees of the defendant engaged in its business operations, and "all other persons engaged in work that could make [the SIF] liable under Part One (Workers' Compensation Insurance) of this policy."

This case involves certain truck drivers who made deliveries of the defendant's products. Those drivers (hereinafter the outside drivers) were not on the defendant's payroll. The deliveries they made were based upon sales made by the defendant's employees. The issue is whether compensation the defendant paid to the outside drivers should have entered into the SIF's calculation of the relevant premiums. If the outside drivers were the defendant's employees, then the SIF is correct that the defendant was in default of its premiums. However, if the outside drivers were independent contractors, then the SIF has no claim (*see Commissioners of State Ins. Fund v Rivington Farm Dairy*, 16 AD2d 58, 59 [1962]).

The SIF failed to make a prima facie showing that the factors relevant to determining whether there exists an employer-employee relationship were met in this case, under either the "control test," or the "relative nature of the work test" (*Commissioners of State Ins. Fund v Lindenhurst Green & White Corp.*, 101 AD2d 730, 731 [1984]). Nor did the SIF make a prima facie showing that there was a "reasonable risk" that the Workers' Compensation Board would conclude that the outside drivers were the defendant's employees, rather than independent contractors (*see Matter of For-Med Med. Group v New York State Ins. Fund*, 207 AD2d 300, 301-302 [1994]; *Commissioners of State Ins. Fund v Rivington Farm Dairy*, 16 AD2d 58, 59 [1962]). The testimony of the SIF's auditors indicated, inter

alia, that they never investigated the relationship between the defendant's management and the outside drivers (*see State Ins. Fund v Circus Man Ice Cream Corp.*, 186 Misc 2d 907, 908 [2001] [the SIF "added the drivers of the . . . vehicles as employees and based its premium calculations upon that status without regard to payroll, other administrative records and any field observations concerning the operation of the individual . . . trucks"]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 4401, made at the close of the evidence, for judgment as a matter of law for failure to establish a prima facie case, and properly dismissed the complaint.

The SIF's remaining contentions either are without merit or have been rendered academic in light of our determination. Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.